# IN THE COURT OF APPEALS OF IOWA

No. 17-0868
Filed February 21, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JOSE ANTONIO MURILLO,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Des Moines County, Emily S. Dean, District Associate Judge.


     Jose Murillo challenges his sentence for absence from custody. **AFFIRMED.**


     William Monroe of Law Office of William Monroe, Burlington, for appellant.

     Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


     Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

Jose Murillo pled guilty to absence from custody, in violation of Iowa Code section 719.4(3) (2016), a serious misdemeanor.[1] The district court sentenced him to serve a term of one year in the Des Moines County Jail. In this appeal, Murillo challenges the legality of his sentence, contending the district court was required, under Iowa Code section 901.8, to sentence him to confinement at the Burlington Residential Correctional Facility. Because Murillo's argument is fatally flawed, we affirm.

In December 2015, the Iowa District Court for Louisa County granted Murillo a deferred judgment for the offense of possession with intent to deliver less than fifteen kilograms of marijuana and placed him on probation. On November 28, 2016, the Louisa County district court ordered that Murillo be placed at the Burlington Residential Correctional Facility, located in Des Moines County and operated by the Eighth Judicial District Department of Correctional Services. Murillo entered the facility on December 1, 2016. On December 3, 2016, Murillo requested a three-hour recreational furlough to see his daughter. The request was approved. Murillo signed out of the facility and never returned.

On December 5, 2016, a criminal complaint was filed in the Iowa District Court for Des Moines County accusing Murillo of the crime of being absent from

---

[1] Iowa Code § 719.4(3) provides:

> A person who has been committed to an institution under the control of the Iowa department of corrections, to a community-based correctional facility, or to a jail or correctional institution, who knowingly and voluntarily is absent from a place where the person is required to be, commits a serious misdemeanor.

custody, in violation of Iowa Code section 719.4(3), and a warrant for his arrest was issued.

On December 22, 2016, a report of violation of probation was filed in the Louisa County district court. Murillo was present at the March 24, 2017 hearing held on the matter. Murillo admitted violating two rules as alleged in the report, and the court found Murillo did violate his probation. The court subsequently convicted Murillo of the possession offense and sentenced him to the custody of the Iowa Department of Corrections (IDOC) for a term not to exceed five years. The court suspended the sentence and placed Murillo on probation under the supervision of the Eighth Judicial District Department of Correctional Services for a period of five years. As a special condition of probation, the court ordered Murillo to reside at a residential correctional facility operated by the Eighth Judicial District Department of Correctional Services for a period of 365 days or until maximum benefits had been achieved. Furthermore, the court ordered that Murillo remain at the Louisa County Jail until bed space became available at the residential correctional facility.

Four days later, on March 28, 2017, Murillo was transported to the Des Moines County Jail and booked for the absence-from-custody offense. His initial appearance was held the next day. The court ordered that Murillo post a $5000 cash bond before he could be released from jail. On April 4, 2017, a trial information was filed in the Des Moines County district court charging Murillo with the crime of absence from custody, in violation of Iowa Code section 719.4(3).

On April 18, 2017, the court entered an order continuing the pretrial conference. The order indicates, "[Murillo] is incarcerated, and [his counsel] shall

go to the jail to meet with him." On April 20, Murillo filed a written plea of guilty to the absence-from-custody charge.

Sentencing was scheduled and held on May 5, 2017. At sentencing, Murillo was convicted of the crime of absence from custody and, relevant to this appeal, was sentenced to serve a term of one year in the Des Moines County Jail, less time served. The sentence was ordered to run consecutive to the sentence imposed in the Louisa County matter.

Murillo now appeals, arguing his jail sentence is illegal because Iowa Code section 901.8 requires that his sentence for escape be served at the Burlington Residential Correctional Facility, not the Des Moines County Jail. A challenge to an illegal sentence may be raised at any time. *See State v. Louisell*, 865 N.W.2d 590, 595 (Iowa 2015). We review illegal sentences for correction of errors at law. *See* Iowa R. App. P. 6.907.

Iowa Code section 901.8 provides, in relevant part:

> If a person is sentenced for escape under section 719.4 . . . , the sentencing judge shall order the sentence to begin at the expiration of any existing sentence. *If the person is presently in the custody of the director of the Iowa department of corrections, the sentence shall be served at the facility or institution in which the person is already confined unless the person is transferred by the director.*

Iowa Code § 901.8 (emphasis added). In order for the highlighted portion of the statute to come into play, Murillo must show he was in the custody of the IDOC at the time of sentencing. He cannot do so.

Murillo asserts he was confined at the Burlington Residential Correctional Facility on May 5, 2017, the day he was sentenced on the absence-from-custody offense. He bases this assertion upon his counsel's statement made at the

sentencing hearing: "[Murillo] has had a hearing on probation violation in the district court in deciding all relevant circumstances, decided to return him to the halfway house fully aware that he had left the halfway house." Indeed, in sentencing Murillo after revoking his probation, the Louisa County district court ordered Murillo to reside at a residential correctional facility, but ordered that he remain in the custody of the Louisa County Sheriff at the Louisa County Jail until bed space became available at the residential correctional facility. The order is not proof that Murillo was actually confined to the residential facility at the time of the May 5 sentencing. In fact, the record before us belies Murillo's assertion. On March 28, Murillo was transported from the Louisa County Jail and booked into the Des Moines County Jail. A condition of his release from jail was that he post a $5000 cash bond. Nothing in the record indicates he ever posted bond. Furthermore, an April 18 order scheduling a pretrial conference states that Murillo "is incarcerated and [his counsel] shall go to the *jail* to meet with him." (Emphasis added.) In short, there is absolutely no evidence in the record before us establishing that Murillo was in the custody of the department of corrections at the time of his sentencing.

Even if Murillo had proven that he was confined to the Burlington Residential Correctional Facility at the time of his May 5, 2016 sentencing, he would not succeed on this appeal, for such a fact does not establish that he was then in the custody of the IDOC. After a lengthy analysis, our supreme court held that the Burlington Residential Correctional Facility is not under the management of the IDOC, unless the Department took over the operation of the facility pursuant to Iowa Code section 905.9. *State v. Halverson*, 857 N.W.2d 632, 635-38 (Iowa

2015). There is no evidence in this record that the IDOC took over the operation of the facility.

The third sentence of section 901.8 providing that "[i]f the person is presently in the custody of the director of the Iowa department of corrections, the sentence shall be served at the facility or institution in which the person is already confined unless the person is transferred by the director" is not applicable here. We therefore conclude Murillo's sentence is not illegal, and we affirm the district court.

**AFFIRMED.**